Charles M. LANGNEHS et al., Appellants,

v.

Gerald A. PARMELEE, Appellee.

Court of Appeals of Kentucky.

Nov. 10, 1967.

As Modified on Denial of Rehearing
May 3, 1968.

William A. Stephenson, Louisville, for appellants.

Jack L. Richardson, Jr., Jack L. Richardson, III, Louisville, for appellee.

CULLEN, Commissioner.

In this action the appellants Charles M. Langnehs and Otto Langnehs, Jr., sought substantial damages (over $100,000) for personal injuries alleged to have been sustained in an accident in which Charles' automobile, in which they were riding, was struck from the rear by the automobile of the appellee Gerald A. Parmelee. Charles also sought to recover for damage to his automobile and loss of its use. The jury found Parmelee liable but awarded to Charles only $737.79 (the exact amount of the automobile damages) and to Otto only $85.60 (it does not appear how the jury reached that figure). Judgment was entered accordingly. The Langnehses have ap-

pealed, claiming that the damages are inadequate and that various errors occurred at the trial.

Charles claimed injuries to his neck and left shoulder; Otto to his back and left hip. The testimony of their medical experts was that each had sustained permanent injuries in the areas claimed. The defendant's medical expert, who examined the plaintiffs shortly before the trial, some 18 months after the accident, found no objective evidence of the claimed injuries. However, he testified that it was his "impression" that Charles had sustained a strain of the neck and a contusion of the left shoulder, and that Otto had sustained a strain of the low back and a contusion of the left hip, but it was his belief that the injuries were not permanent. He said his impression was based solely on subjective findings.

The evidence concerning the circumstances of the accident was that the defendant's car struck the plaintiffs' car with such force that the back of the front seat of the plaintiffs' car broke and they were both thrown to the floor. This alone would be indicative of the infliction of sprains and contusions.

■ Under the evidence the jury reasonably could find that the plaintiffs had not sustained any permanent injuries, and that much of the lost time from work and much of the medical expenses for which they sought recovery were attributable to hypochondria tendencies which both plaintiffs had exhibited over a period of years. However, we think the evidence required a finding that both of the plaintiffs did sustain temporary injuries, pain and suffering which justified some of the loss of work and medical expenses. The jury awarded to Charles nothing for personal injuries and to Otto only a token amount. We think both were entitled under the evidence to a minimum recovery of such amount of damages, general and special, as reasonably could be attributed to the strains and contusions they sustained. The case must be reversed because of inadequacy of damages.

The appellants suggest that the jury may have been prejudiced by the conduct of the appellee's attorney in injecting into evidence and discussing various matters as to which a pre-trial order had directed that there be no testimony introduced or questions asked. The record shows that in a number of instances the appellee's attorney, apparently with deliberate intent, undertook to bring to the attention of the jury some of the matters which the pre-trial order had directed not be mentioned. Such conduct would tend to be prejudicial and upon another trial we trust it would not be indulged in.

■ The appellants contend that the instructions were erroneous as they concerned pre-existing physical conditions of the appellants. There was evidence that the plaintiffs over the years had complained of numerous ailments for which they had sought frequent chiropractic treatments. We think the instruction was proper under the evidence.

The trial court refused to permit any testimony concerning, or recovery for the amount of bills incurred by the appellants for chiropractic treatments. Apparently that ruling was predicated upon the holding in Neagle v. State Highway Department, Ky., 371 S.W.2d 630, that "medical treatment" as used in the workmen's compensation statutes does not embrace chiropractic treatment. The appellants maintain that this rule is not properly applicable in common law negligence cases. Neither side cites us any common law cases on this point. Our own limited research has disclosed no such cases.

■ The general rule of damages is that *necessary and reasonable* expenses for medical services may be recovered in a suit for personal injuries. 25 C.J.S. Damages § 47(2), p. 761; 22 Am.Jur.2d Damages, sec. 102, p. 149. We assume that the reason for allowing such recovery is that the services are calculated to have been remedial of the injuries. In view of the fact that the legislature of Kentucky has chosen

to license the practice of chiropractic, KRS Ch. 312, we do not think that this court could say, ipse dixit, that chiropractic services, within the licensed scope, could never be sufficiently remedial to warrant a person's incurring expenses for the services. It is our opinion that upon adequate proof that the injury was of a character reasonably calculated to be remedial by chiropractic services, and that the expenses were reasonable, expenses for chiropractic services should be recoverable in a personal injury suit. Therefore, it must be considered that the trial court erred, in the instant case, in ruling in advance that no such expenses could be recovered.

The judgment is reversed with directions to grant a new trial only on the question of damages.

All concur except OSBORNE, J., who did not sit.